IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD E. GURULE,

        Plaintiff,

v.

SHERIFF JOHN HANLIN, et al.,

        Defendants.

Case No. 6:13-cv-01569-SI

ORDER TO DISMISS

SIMON, District Judge.

    Plaintiff, an inmate at the Eastern Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate order, the court has granted plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).

## BACKGROUND

    Plaintiff has done an excellent job laying out the history underlying his lawsuit. According to the allegations within the

1 - ORDER TO DISMISS

Complaint, on January 15, 2010, plaintiff was diagnosed with rheumatoid arthritis while incarcerated within the Oregon Department of Corrections. That diagnosis was confirmed approximately a week later through additional testing. At that time (January 2010), prison physician Dr. Walia prescribed Indomethacin to help relieve plaintiff's symptoms. Due to his impending release from prison within two weeks, Dr. Walia advised plaintiff that he would be unable to begin more comprehensive treatment and urged plaintiff to see a rheumatologist as soon as possible.

On February 12, 2010, plaintiff was released from the Oregon Department of Corrections but was unable to afford the services of a rheumatologist. While living on the streets of Denver, Colorado between March 2010 and August 2010, plaintiff visited a medical clinic for the homeless where he was again placed on Indomethacin and began the process of getting approved to see a specialist for his condition. Before that process was complete, however, plaintiff moved to Roseburg, Oregon and on April 26, 2011, was arrested on "serious criminal charges" and incarcerated within the Douglas County Jail. Complaint, (#2), p. 6.

In May 2011, plaintiff notified Defendants Blum and Bancroft, two physicians at the Douglas County Jail, of his prior diagnosis of Rheumatoid Arthritis. These physicians allowed plaintiff to continue taking Indomethacin. Shortly thereafter, however, in

2 - ORDER TO DISMISS

either May or June 2011, plaintiff developed an allergic reaction to Indomethacin and was seen by a nurse who advised him that reactions sometimes developed. It appears plaintiff's Indomethacin was discontinued as a result of his reaction.

Plaintiff asked to see a medical doctor and was again seen by both Drs. Blum and Bancroft. Plaintiff reiterated the opinions of Dr. Walia and the clinic in Denver that his rheumatoid arthritis would worsen without Indomethacin or some substitute medication. He also informed them of the prior recommendations that he see a specialist in rheumatology for treatment. In addition, he advised Drs. Blum and Bancroft that he was "beginning to really feel the pain in all of [his] joints. . . ." *Id* at 7-8.

Dr. Bancroft allegedly informed plaintiff that the Douglas County Jail was not a hospital and plaintiff could see a specialist upon his release. Dr. Blum, alleged to be the head physician at the Jail, visually examined plaintiff's hands, saw no signs of swelling or redness in his joints, and expressed doubt that plaintiff had rheumatoid arthritis. Dr. Blum also purportedly advised plaintiff that Indomethacin was not a medication used for arthritis.

Drs. Bancroft and Blum also informed plaintiff that they saw nothing in his medical records indicating a diagnosis of rheumatoid arthritis and that they would request his medical records from both

3 - ORDER TO DISMISS

the Oregon Department of Corrections and the medical clinic in Colorado.

At roughly the same time (June 2011), Dr. Blum ordered a blood test to determine if plaintiff had rheumatoid arthritis. Plaintiff contends that it was "not a complete test for rheumatoid arthritis, but low cost lab analysis" conducted by Defendant Conmed Healthcare Inc. Complaint (#2), p. 9. These tests results were not immediately provided to plaintiff, but a nurse at the Jail informed him that the test showed he did not have rheumatoid arthritis.

Plaintiff's joint pain continued, and he "was seen several times" by Drs. Blum and Bancroft, given visual examinations, and told that they saw no signs of swelling or redness in his joints. *Id* at 9. By August or September 2011, plaintiff claims he was only being treated with over-the-counter pain relievers and anti-inflammatory medications such as Aleve and Naproxen. His pain continued, and in August 2011, Dr. Blum had reviewed plaintiff's prior medical records from the Oregon Department of Corrections and Colorado and stated that he did not understand why plaintiff tested positive for a rheumatoid arthritis factor. Blum and Bancroft told plaintiff they did not believe he had such a disease, and accused him of faking his symptoms in order to get pain medication. They also told him that he could not expect a jail to treat him for medical problems like minor arthritis or imaginary issues.

4 - ORDER TO DISMISS

In September and October 2011, Dr. Blum allegedly told plaintiff that the medical records indicating a rheumatoid arthritis diagnosis were wrong and that he did not believe plaintiff suffered from any malady. Drs. Blum and Bancroft explicitly told plaintiff they were unwilling to spend more money testing for what they viewed as nonexistent issues.

According to the Complaint, plaintiff litigated the issue of his medical care in 2012 via a state habeas corpus action where Drs. Blum and Bancroft testified offered testimony that they did not believe plaintiff had rheumatoid arthritis, did not feel further testing was warranted, and believed plaintiff was faking his symptoms.[1] Plaintiff did not prevail in that action.

On June 21, 2012, plaintiff was transferred from the Douglas County Jail to the Oregon Department of Corrections where physicians again diagnosed him with rheumatoid arthritis and began administering drug treatment. On December 19, 2012, plaintiff saw a rheumatologist who confirmed that plaintiff suffered from rheumatoid arthritis and started him on an intense treatment plan.

Plaintiff alleges that based upon the foregoing, defendants were deliberately indifferent to a serious medical need when they did not successfully diagnose and treat his rheumatoid arthritis, and that this disregard for his health resulted in the progression

---

[1] None of the records from this state habeas action have been submitted to this court.

5 - ORDER TO DISMISS

of his disease and unnecessary pain. He seeks compensatory and punitive damages from all defendants.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, plaintiff's complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

Dismissal for failure to state a claim is proper if it appears beyond doubt that plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because plaintiff is proceeding *pro se*, the court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

6 - ORDER TO DISMISS

## DISCUSSION

As an initial matter, it is unclear from the Complaint whether the state habeas corpus case which appears to have been adjudicated on its merits has a preclusive effect on this federal 42 U.S.C. § 1983 action. Without additional information, the court cannot make such a determination and, because the Eighth Amendment analysis makes it clear that plaintiff fails to state a valid claim for pleading purposes, the court proceeds directly to that analysis.

In order to state a valid claim regarding the denial of adequate medical care, plaintiff must allege that defendants were deliberately indifferent to his "serious" medical needs. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000), 203 F.3d at 1131; *Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). Deliberate indifference is shown only where an official "knows of and disregards an excessive risk of inmate health and safety . . . ." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Doty*, 37 F.3d at 546.

There is no question that rheumatoid arthritis is a serious medical condition. The issue is whether Drs. Blum and Bancroft were deliberately indifferent to this serious medical need. The allegations of the Complaint, which the court takes as true at this

7 - ORDER TO DISMISS

stage of the proceedings, show that the physicians at the Douglas County Jail met with plaintiff numerous times and had his blood tested to determine whether he did, in fact, suffer from rheumatoid arthritis. They provided him with his preferred medication until plaintiff had an allergic reaction to it, and then continued to provide him with alternate medications to relieve the joint pain about which he repeatedly complained.

Plaintiff nevertheless alleges that the failure to conduct more thorough testing at his request in order to reconcile the disparate diagnoses he was given by different physicians amounts to deliberate indifference. Stated differently, plaintiff faults Drs. Blum and Bancroft for not providing him with the same diagnosis as the doctors within the Oregon Department of Corrections and the doctors at the clinic in Colorado. A difference of medical opinion between doctors over medical treatment does not, however, amount to deliberate indifference to serious medical needs. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Indeed, even medical malpractice or gross negligence does not amount to a violation of the Eighth Amendment. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Moreover, while plaintiff's requests for additional lab testing went unheeded at the Douglas County Jail, a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment does not raise a claim under § 1983. *See, e.g.,*

*Sanchez*, 891 F.2d at 242; *Shields v. Kunkel*, 442 F.2d 409, 410 (9th Cir. 1971); *Mayfield v. Craven*, 433 F.2d 873 (9th Cir. 1970); *McKinney v. People of State of Cal.*, 427 F.2d 160 (9th Cir. 1970). Accordingly, the Complaint is dismissed for failure to state a claim. Because plaintiff cannot cure these deficiencies through amendment, the dismissal is with prejudice.

### CONCLUSION

Plaintiff's Complaint (#2) is summarily dismissed for failure to state a claim upon which relief may be granted. Because plaintiff cannot cure this deficiencies with his Complaint through amendment, the dismissal is with prejudice.

IT IS SO ORDERED.

DATED this 21st day of October, 2013.

_____
Michael H. Simon
United States District Judge

9 - ORDER TO DISMISS